(13 App. Div. 336.)

### ELIAS et al. v. SCHWEYER.

(Supreme Court, Appellate Division, First Department. January 15, 1897.)

1. PARTIES—WHO ARE NECESSARY—ACTION TO REMOVE TRUSTEE.
    The remainder-men are necessary parties to an action to remove a trustee appointed by will to administer property during the continuance of a life estate.

2. SAME—BRINGING IN NECESSARY PARTIES—DUTY OF COURT.
    The court must direct additional parties to be brought in where a complete determination of the controversy cannot be had without their presence (Code Civ. Proc. § 452), though the objection that there was a defect of parties was not properly made, under Code Civ. Proc. § 499, providing that such objection shall be deemed waived unless taken by answer or demurrer.

Appeal from special term, New York county.

Action by William Elias and others against Edward Schweyer, individually and as trustee under the will of Henry Elias, deceased. From a judgment entered on the decision of the trial judge (40 N. Y. Supp. 906) removing defendant from his position as trustee, defendant appeals; and from the same judgment, so far as it refuses to compel defendant to account as to his trusteeship, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Samuel Untermyer and Louis Marshall, for plaintiffs.
Robert E. Deyo, for defendant.

WILLIAMS, J. The will of Henry Elias appointed the plaintiff Catherine Elias, the defendant Edward Schweyer, and one Edward Hanitzsch executors and trustees under the will, and guardians of the estate of his children, and Catherine Elias, his wife, alone, the guardian of the persons of his children. After providing for the payment of debts and funeral expenses, the testator made certain specific gifts of real and personal property to his wife, and then gave all the balance of his property to the trustees under the will, in trust, for the purposes therein specified, and among these were

remainders over of the principal of the trust fund to the children of his (the testator's) three children. The three children of the testator are plaintiffs in this action,—William Elias, Elsa Elias Kroehle, and Katie Elias Becker. At the time of the trial all three of these children were married, and had young children. William had one child, only a few days old; Elsa had two children, aged four and six years; and Katie had one child, about two years old. But none of these grandchildren of the testator were made parties to the action. These facts having been made to appear on the trial, it was suggested to the court that it was necessary, for the proper determination of the action, that these grandchildren should be made parties. The court, however, proceeded with the trial, and directed judgment to be entered removing the defendant as trustee, but appointing no other trustee in his place. Edward Hanitzsch, one of the trustees named in the will, had died before the commencement of the action. The plaintiff Catherine Elias was, therefore, the only remaining trustee left after the defendant was so removed. The interests of the grandchildren were adverse to the interests of the children. The children were the life tenants; the grandchildren were the remainder-men. We think the court erred in proceeding to judgment in the case in the absence of these grandchildren as parties to the action.

It is true that the defendant waived his right to raise this objection by his failure to take it by answer or demurrer (Code Civ. Proc. § 499); but the court was not thereby relieved from its duty to require these grandchildren to be brought in before proceeding to judgment (Code Civ. Proc. § 452). The rule was very clearly stated in Osterhoudt v. Board, 98 N. Y. 239, where the court said:

"The only defendants are the board of supervisors and the town auditor. The question of defect of parties was not raised by demurrer or answer. The point, however, was taken at the commencement of the trial, and was overruled. The defendants, by omitting to take the objection by demurrer or answer, are deemed to have waived it (Code Civ. Proc. § 499); but the rule which prevailed in courts of equity, that the court would not proceed to a decree until all necessary parties were before the court, has been preserved by the Code. Section 452 provides: 'The court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others, or saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in.' Construing sections 452 and 499 together, their meaning is that a defendant, by omitting to take the objection that there is a defect of parties by demurrer or answer, waives on his part any objection to the granting of the relief on that ground; but, when the granting of relief against him would prejudice the rights of others, and their rights cannot be saved by the judgment, and the controversy cannot be completely determined without their presence, the court must direct them to be made parties before proceeding to judgment. * * * The distinction is between those who are necessary parties, and those who are proper parties merely. When persons who are necessary parties are not joined, the court will not proceed until they are brought in. It will not render a fruitless judgment, nor will it undertake to decide a single right in the absence of persons who are entitled to be heard in respect to it, and who may be prejudiced by the decision. It was the practice in chancery to permit the objection for defect of parties to be taken by demurrer or answer, or at the hearing. * * * Under the Code, the court is bound to take the objection when a proper case is presented."

See, also, Bear v. Telegraph Co., 36 Hun, 400, 404; Mahr v. Society, 127 N. Y. 452–460, 28 N. E. 391.

It needs no argument or authority to show that all persons interested in a trust under a will are not only proper, but necessary, parties to an action to remove a trustee. The remainder-men are especially interested in the question, as directly bearing upon the preservation of the principal of the fund. And, when the court directed a judgment to be entered removing the defendant as trustee, it determined a right in which these grandchildren were deeply interested, and without having these infants before the court as parties, and represented by guardians, and without their being heard upon the question that was decided. No such judgment could be entered, affecting the rights of the children and the trustee alone, without also affecting the rights of the grandchildren, who were not parties to the action. The case was directly within the statute and the reason of the rule, and no judgment entered under such circumstances should be permitted to stand.

We have looked into the merits of this controversy between the parties to this action so far as to discover that there are serious questions involved, which may affect the safety of these trust funds. A considerable part of the fund is invested in a brewing company, a corporation. For several years prior to the commencement of this action, the defendant, by virtue of the great interest the estate had in the business of the company, acted as a director, and as the president of the company, and was quite influential in the control and management of the business, and the business was quite prosperous during those years. There came a time when the life tenants and their mother, as trustee, desired the defendant to retire from the presidency and directory of the company, so as to enable the life tenants to become directors and sole officers in the company, and practically to assume, in the place of the defendant, the management and control of the business. This controversy as to the control of the brewing company and the management of its business was one in which the remainder-men, by reason of their interest in the safety of the principal of the trust fund, were deeply interested. By the judgment entered in this case, the defendant has been removed entirely from the control and management of the brewing company, and, no trustee having been appointed in his place, the whole control of the trust fund has been left with the widow, the mother of the life tenants, and she may carry out the wishes of her own children by making them directors and officers of the brewing company, and giving them the control and management of the business. What effect may be produced upon the principal of the trust fund by such a change is uncertain, and certainly no such change should have been rendered possible by the judgment of the court until the remainder-men had been made parties to the action and been heard by the court. It is very doubtful if the court, after such hearing, if it had thought it necessary to remove the defendant as trustee, would have permitted the whole trust fund to be managed by the widow alone, and have failed to

appoint another trustee in the place of the defendant, so as effectually to protect the interests and rights of the remainder-men, —the grandchildren of the testator.

Whether the defendant should or should not be removed as trustee must depend upon the evidence to be adduced upon the new trial; and, to the end that the trial judge may not be embarrassed by the views or judgment pronounced upon the former trial, a brief discussion of the question is advisable. In re O'Hara, 62 Hun, 531, 17 N. Y. Supp. 91, the rule stated by Mr. Perry, in his work on Trusts (section 276, 4th Ed.), was referred to with approval:

"Nor will a trustee be removed for every violation of duty, or even breach of the trust, if the fund is in no danger of being lost. The power of removal of trustees appointed by deed or will ought to be exercised sparingly by the court. There must be a clear necessity for interference to save the trust property. Mere error, or even a breach of trust, may not be sufficient. There must be such misconduct as to show want of capacity or of fidelity, putting the trust in jeopardy."

To the same effect see 2 Story, Eq. Jur. § 1289.

Most of the criticisms made upon the defendant relate to his conduct as president of the brewery corporation; and, if these were justified, then the remedy to apply would be to exclude him from the directorship and presidency of the corporation. We do not mean to infer that the facts proven will justify such a judgment, because it was seemingly the duty of the trustees of the estate stock to be represented in the board of directors, and no valid ground is assigned why one of the trustees should not be at the head of the affairs of the company. It is questionable, however, whether a trustee, if so elected as president, should receive any salary, because it appears that the discretion is vested in the trustees to sell the stock, should an advantageous opportunity occur, and one who is in receipt of a large salary might be unconsciously biased in his judgment when the question was presented between his own interest in retaining such salary and the interests of his cestui que trust, which might be promoted by a sale of the brewery. As it was not shown that the receipt of such salary in the past has in any way affected an advantageous disposition of the brewery, any future injury to be apprehended from this cause could be obviated by adjudging that, if elected as president, he should receive no salary as such.

As to the charges that the defendant sold malt to the company at a profit; that he retained in the company friendly employés, notwithstanding acts of dishonesty; and that he did not devote his time to its affairs,—these, if well founded, might be regarded as sufficiently grave to exclude him from the directorship and presidency, and upon the new trial must depend for their support on the evidence adduced. Without, therefore, now determining the question as to his right to remain as director or president, with or without salary, we think that, upon a new trial, the court should consider and determine the questions involved without feeling bound to adopt the views of the judge who first had the case. The right

of the court to regulate the conduct of trustees is undoubted, and, if this remedy is adequate, the court need not go further. Sufficient has been said to show that the questions involved are peculiarly such as should be determined only after the grandchildren have been made parties to the action, and have been heard by the court.

Our conclusion is that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur. INGRAHAM, J., concurs in result.