In the Matter of the Application of DOUGLAS GRANT SCOTT, GEORGE
WALTER SCOTT and MARY HARRISON SCOTT, Respondents, for the
Appointment of a Special Guardian to Institute Proceedings for
the Removal of ROBERT BEGGS, as Sole Surviving Trustee under
the Last Will and Testament of HUGH HENRY SCOTT, Deceased,
Appellant.

*Proceedings before a surrogate for the removal of a testamentary trustee — they must
be determined on common-law evidence — review of, without exception, where this
is not done.*

Upon an application to a surrogate for an order removing a testamentary trustee,
the issues of fact raised by the petition and answer should be determined on
common-law evidence.

The irregularity involved in determining such issues upon affidavits and neglect-
ing to make findings of fact and conclusions of law as required by the statute,
may be reviewed on appeal from an order removing the trustee, although no
exception was taken.

APPEAL by Robert Beggs, as sole surviving trustee under the last
will and testament of Hugh Henry Scott, deceased, from an order
of the Surrogate's Court of New York county, entered in said Sur-
rogate's Court on the 1st day of February, 1900, removing him
from the position of sole surviving trustee under the last will and
testament of Hugh Henry Scott, deceased.

*Isaac N. Miller*, for the appellant.

*Joseph M. Schenck*, for the respondents.

RUMSEY, J.:

The proceedings leading up to what should have been a hearing
upon the merits of this case were characterized by several irregu-
larities, arising largely from the failure to appoint a special guardian
of the infants before any step was taken in the matter; but as these
irregularities might have been corrected by motion before the surro-
gate it is not necessary to do more than suggest them at this time.

When the trustee had served his answer to the petition in which
he raised material questions of fact, he was entitled to a trial in
which common-law evidence should be given to sustain the allega-

tions of the petition, and to an opportunity to meet that evidence by the same sort of proof. Had such a trial been had it would have been the duty of the surrogate to make findings of fact and conclusions of law which could only have been reviewed in this court upon appeal from his decree if exceptions had been taken to his findings. But no such proceedings were had. The matter was brought before the surrogate upon affidavits, and an order was made for the removal of the appellant, and no findings of fact or conclusions of law were made, as required by the statute. The proceedings to remove the appellant without such proof were clearly irregular. We think that that irregularity can be reviewed upon this appeal without any exceptions.

As the order is presented here it amounts simply to an order in a special proceeding, in which the court should have required the petitioner to make proof of his allegations before granting the relief demanded; and his failure to do so is clearly an irregularity which can be reviewed in this court, and calls for the reversal of this order and the sending of the matter back to the surrogate, where it may be tried in the manner prescribed in the statute.

The order appealed from should be reversed, with costs, and the proceeding remitted to the surrogate.

VAN BRUNT, P. J., BARRETT, PATTERSON and McLAUGHLIN, JJ., concurred.

Order reversed, with costs, and proceeding remitted to the surrogate.