use, as it was put up by and belonged to the plaintiff. It was not there for the common use of both tenants; nor was it placed there by the landlord. He had, on the contrary, provided another place for the use of this plaintiff in hanging out her washings, and which for reasons of her own she had chosen not to use. The use she was making of the piazza when she was injured was not in any sense a common use, or as a thoroughfare or right of way, and was not a use available to the other tenant as well as to herself, but was an exclusive use to suit her own convenience, and, unless we are to enlarge or extend the liability of a landlord beyond that held in any reported case that has been called to our attention, this plaintiff cannot succeed in her action.

The case nearest in point is Clarke v. Welsh supra, which is one where the plaintiff's intestate, while passing along a balcony which had been retained by her landlord for the common use of all his tenants, including the deceased, leaned over the railing with her hand upon the same for the purpose of calling to her children, who were quarreling in the yard below, when the railing gave way, and she fell to the yard and received fatal injuries. She was using the balcony as a passageway and in a manner which was fairly within the common purpose for which it was reserved by the landlord for the use of all his tenants, which was not the situation in the case we are now considering.

We think, for the reason given, that the court was right in directing a verdict for the defendant, and that the judgment entered thereon should be affirmed, with costs. All concur, except KELLOGG, J., who dissents.

---

### In re BURR.

(Supreme Court, Appellate Division, Third Department. December 7, 1906.)

EXECUTORS AND ADMINISTRATORS—REMOVAL—APPEAL—TRIAL DE NOVO—REF-
ERENCE.

Under Code Civ. Proc. § 2586, providing that, when an appeal is taken on the facts, the appellate court has the same power to decide questions of fact which the surrogate had, and it may, in its discretion, receive further testimony, or documentary evidence, and appoint a referee, where, on appeal from an order for the removal of an executor on the ground that he was indebted to the estate in large amount, which he did not include in the inventory, the executor claimed that this question was not litigated and that he had in fact paid the indebtedness, the cause will be referred to take testimony on that question.

Appeal from Surrogate's Court, Broome County.

In the matter of the application for the revocation of letters testamentary of George M. Burr, as sole surviving executor of the estate of Henry A. Sheldon. From an order for his removal (96 N. Y. Supp. 225), he appeals. Cause referred.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-
LOGG, and COCHRANE, JJ.

S. C. Millard, for appellant executor.
Taylor L. Arms, for appellant Isabel D. Burr.
Isaac Weill, for respondent.

PER CURIAM.   The surrogate has found that the executor was indebted to the estate in a large amount, evidenced by his note for $10,-984, dated November 9, 1899, payable on demand, which he did not include in the inventory, and that such omission was misconduct on his part.   This finding is based upon an admission of the executor contained in an entry in an account book in evidence kept by him.   Counsel for the executor urges that no such claim was made in the petition for the removal of the executor or litigated on the trial, and that the first knowledge he or the executor had that any such question was involved was when the findings were made on the settlement of the case, over eight months after the decree of removal was entered, and many months after the appeal therefrom had been perfected.   It is also claimed that the note referred to was paid by the executor and the amount thereof included in the inventory as a portion of the balance stated to be in the bank, and that he can produce vouchers and proofs showing these facts.

Section 2586 of the Code of Civil Procedure provides:

"That when an appeal is taken on the facts, the appellate court has the same power to decide questions of fact which the surrogate had, and it may in its discretion receive further testimony or documentary evidence and appoint a referee."

The appeal here is upon the facts as well as upon the law.   In view of the gravity of the charge and the claim of the executor of its falsity, we think he should be afforded an opportunity to make the proofs which it is said he possesses in relation thereto.

We therefore direct that it be referred to Linn J. Arnold, counselor at law, of Cooperstown, N. Y., to take testimony and report to this court, with his opinion whether the note referred to was paid by the executor and the amount thereof included in the inventory of the estate. Until the coming in of his report, we withhold decision of any question involved on the appeal.