(117 App. Div. 686)

### In re THIERIOT.

(Supreme Court, Appellate Division, First Department. February 25, 1907.)

1. PARTNERSHIP—DEATH OF PARTNER—SURVIVOR'S RIGHTS.

    Where the will of a partner made the other partner executrix, and provided that she should exercise the controlling interest in the management and direction of the business, and should control and dispose of the same, such executrix, while prosecuting the business of closing up the estate, so far as concerned the partnership, and in paying the debts thereof, etc., could not be interfered with on the theory that she had so conducted herself as to justify her removal as testamentary trustee, as her right to so

manage the estate was a right possessed by her as surviving partner, irrespective of the will.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 511.]

2. TRUSTS—TRUSTEES—GROUNDS FOR REMOVAL.

A trustee, appointed by deed or will, will not be removed for every violation of duty, or even breach of trust, if the fund does not appear in danger of being lost.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 217, 218.]

3. APPEAL—REVIEW—SCOPE—NECESSITY OF EXCEPTIONS.

On an appeal from an order removing a trustee, all the questions presented by the record are open to review, irrespective of any exceptions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1469.]

Appeal from Surrogate's Court, New York County.

Petition by Albert Thieriot, as executor of the will of Rosa Delmonico, deceased, for the revocation as to Josephine C. Delmonico of letters testamentary issued to her as executrix of the will of Rosa Delmonico, and for her removal as testamentary trustee under the will. From a decree removing her, and revoking her letters, Josephine C. Delmonico appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Morgan J. O'Brien, for appellant.
Solomon Hanford, for respondent.

LAMBERT, J. In the year 1901, a copartnership, known as "Delmonico's," existed for the purpose of carrying on a restaurant in the city of New York. This copartnership consisted of Rosa Delmonico, owning four-sixths parts, Josephine C. Delmonico, with one-sixth, and Lorenzo C. Delmonico, the remaining one-sixth interest. The latter became the manager of the business. In 1903 it became known that Lorenzo C. Delmonico was heavily in debt, and that he had overdrawn his account with the firm to the extent of $14,665.71. The copartnership was dissolved by mutual consent, Lorenzo C. Delmonico retiring, assigning his interest in the copartnership to Rosa and Josephine C. Delmonico in equal shares, and these two became copartners in the transaction of the business. At this time Rosa Delmonico owned four-fifths of the copartnership assets, and Josephine C. Delmonico one-fifth, and this was the situation at the time of the death of Rosa Delmonico on the 24th day of March, 1904. By her will the said Rosa Delmonico gave one-fourth of her interest in the copartnership to Lorenzo C. Delmonico, and three-fourths thereof to Josephine C. Delmonico, and the will provides that the latter is to have—

"the controlling interest in the said business in my place or stead, and as succeeding me in the same and in such control. It is my express wish and desire, and I hereby will and direct, that my niece, the said Josephine C. Delmonico, shall have and exercise the controlling interest in the management, conduct, and direction of said business, and that she shall control and dispose of the same as and when she shall see fit, absolutely free from any control or dictation of any person or persons whomsoever."

Under the provisions of the will, Josephine C. Delmonico and Albert Thieriot were made executors, and both of them have qualified and entered upon the discharge of their duties. The decree now before this court on appeal revokes the letters testamentary issued to the appellant, Josephine C. Delmonico, and removes her as a testamentary trustee, because of certain alleged acts of misconduct on her part in dealing with the affairs of the copartnership known as "Delmonico's." It is alleged on the part of the petitioners, Albert Thieriot and Lorenzo C. Delmonico, that in December, 1904, it was decided by the executors that "Delmonico's" should be sold, and that for the purpose of reaching this result it was arranged that a firm of accountants, Barrow, Wade, Guthrie & Co., should be employed to make up a financial statement of the affairs of the copartnership. This firm was subsequently installed by the appellant, with the approval of the appellant and Thieriot, her coexecutor, as treasurer of the business. This relation continued for some time, when the appellant, taking offense at some extra charges made by the treasurer and desiring to employ a less expensive firm, discharged the firm of Barrow, Wade, Guthrie & Co. This proceeding was then instituted for the removal of the appellant as executrix and testamentary trustee. So far the petitioners have succeeded, though the moving papers, which are not supported by any common-law evidence, do not charge incompetency, bad faith, or any of the things which have been held necessary to justify the courts in displacing the executors and trustees named by a testator.

In the view which we take of this case, however, there is no occasion for determining whether the conduct alleged is such as to justify a removal of a testamentary trustee. It appears that at the time of the death of Rosa Delmonico the firm was largely indebted for current bills. Josephine C. Delmonico, as the sole surviving partner, became the legal owner of the assets of the copartnership, and had the exclusive right to sell, mortgage, and dispose of them, in the performance of her duty in closing up the affairs of the partnership, and she had a right to do this in any manner, within the limits of good faith, that she might deem best for the interests of those concerned. The representatives of Rosa Delmonico have no legal interest in such assets, and no legal right to interfere in their administration, so long as the survivor is prosecuting the business of closing up the estate and applying its proceeds to the payment of the firm debts. The survivor does not take such assets as trustee, but as survivor, and holds the legal title subject to such equitable rights as the representatives have in the due application of the proceeds. They may, therefore, require the application of the assets to the payment of partnership debts; but the time, mode, and manner of doing so are a part of the administration of the estate, which is under the exclusive control of the survivor. While such representatives have an equal interest in the distribution of any surplus remaining after the payment of the debts, yet, until all of such debts are paid, it is a mere contingency, which may or may not eventually ripen into a legal right. Williams v. Whedon, 109 N. Y. 333, 338, 16 N. E. 365, 4 Am. St. Rep. 460.

While it has been suggested that the case above cited stated the law rather too broadly, there is no question that the only right of a per-

sonal representative is to call the surviving partner to account (Secor v. Tradesmen's Nat. Bank, 92 App. Div. 294, 298, 87 N. Y. Supp. 181, and authority there cited); and as the appellant now before this court has claimed to act under her rights as a surviving partner, and neither she nor her coexecutor and trustee have had any occasion to deal with the assets of the copartnership of "Delmonico's," it cannot be said that she has been guilty of any misconduct as executor or trustee under the will of Rosa Delmonico, even though she may have done all that is alleged in the petition. It appears from the record that the firm owed large debts; that these debts are being paid off out of the proceeds of the business, which has been conducted by the surviving partner for the purpose of placing it in a position where the property may be disposed of at an advantage; and until these debts are all paid and the affairs of the copartnership are adjusted, the executors and trustees under the will of Rosa Delmonico have no relation to the affairs of the copartnership, except to see that the surviving partner liquidates the affairs of the firm within a reasonable time. Secor v. Tradesmen's Nat. Bank, supra.

We are of opinion that, under the rule recognized in Matter of Scott, 49 App. Div. 130, 62 N. Y. Supp. 1059, all of the questions presented by the record are open to review here, and that upon the record as shown by the pleadings the petitioners are not entitled to the relief demanded for the reasons above suggested. Moreover, upon the facts placed before us, we are unable to discover sufficient grounds for removal, even if the subject-matter were within the purview of the executors and trustees. The rule is sanctioned by authority that a trustee will not be removed for every violation of duty, or even breach of the trust, if the fund is in no danger of being lost. The power of removal of trustees appointed by deed or will ought to be exercised sparingly by the court. There must be a clear necessity for interference to save trust property. Mere error or breach of trust may not be sufficient. There must be such misconduct as to show want of capacity or of fidelity, putting the trust in jeopardy. Elias v. Schweyer, 13 App. Div. 336, 340, 43 N. Y. Supp. 55; Matter of Waterman, 112 App. Div. 313, 318, 98 N. Y. Supp. 583.

The decree appealed from should be reversed, with costs, and the proceeding dismissed, with costs.

INGRAHAM and LAUGHLIN, JJ., concur. PATTERSON, P. J., and HOUGHTON, J., concur in result.