ROBSON, J., concurs.

(118 App. Div. 482.)

### In re BURR.

(Supreme Court, Appellate Division, Third Department. March 28, 1907.)

1. EXECUTORS—REMOVAL—GROUNDS.

> The power to remove an executor is given for the protection of estates, and should not be exercised when the purpose of the petition is not to protect the estate, but to punish the executor.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 227–246.]

2. SAME.

> The fact that an executor had invested a portion of the estate in a manner unauthorized by law is not ground for his removal, where such investments made in good faith were repaid in full and his accounts were approved at the intermediate accounting.

Appeal from Surrogate's Court, Broome County.

Proceedings for the revocation of letters testamentary of George M. Burr, executor of Henry A. Sheldon, deceased. From a decree revoking the letters (96 N. Y. Supp. 225), George M. Burr, executor, and Isabella D. Burr, a party interested in the estate, appeal. Reversed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Taylor L. Arms, for appellant Isabella D. Burr.
S. C. Millard, for appellant George M. Burr.
Isaac Weill, for respondent.

CHESTER, J. The decree appealed from revokes the letters testamentary issued to George M. Burr, the executor named in the will of Henry A. Sheldon, deceased. It was made upon the petition of Mary E. Wiggins, who was one of the residuary legatees and next of kin of said deceased. The proceedings were instituted under section 2685 of the Code of Civil Procedure, providing for the revocation of letters, and under subdivision 2 thereof, which provides that they may be revoked "where, by reason of his having wasted or improperly applied the money or other assets in his hands, or invested money in securities unauthorized by law, or otherwise improvidently managed or injured the property committed to his charge; or by reason of other misconduct in the execution of his office, or dishonesty, drunkenness, improvidence, or want of understanding; he is unfit for the due execution of his office." The following section requires that

"a petition presented as prescribed in the last section must set forth the facts and circumstances showing that the case is one of those therein specified." A petition was presented in this case, and an answer was interposed raising issues to be tried, and denying all the charges of misconduct on the part of the executor. The surrogate in his decision assigned several reasons for removing the executor relating to his management of the estate, only one of which was a cause assigned in the verified petition or within the issues framed by the petition and answer. One of these causes, which was entirely without the issues presented for trial, was in a finding by the surrogate that the executor was indebted to the estate in a large amount, evidenced by his note for $10,984.96, dated November 9, 1899, and payable on demand, which he did not include in the inventory of the estate or in his account. This finding was based upon an entry contained in an account book covering 164 pages of the printed record, which had been received in evidence.

It was urged on the argument of the appeal in behalf of the executor that no such claim was made in the petition for his removal or litigated upon the trial, and that the first knowledge which the executor or his counsel had that any such question was involved was when the findings were made on the settlement of the case. The claim was also made on the argument that the note referred to had, in fact, been paid by the executor, and the amount thereof included in the inventory of the estate and in his accounting. Notwithstanding this matter was entirely outside of the issues, in view of the serious nature of the charge involved in the finding, we deemed it but fair that the executor should have an opportunity to make the proofs which it was claimed he possessed in relation thereto to show its falsity. We therefore, as preliminary to deciding the appeal, referred the matter under section 2586 of the Code of Civil Procedure to a referee to take testimony and report to this court with his opinion whether the note referred to was paid by the executor, and the amount thereof included in the inventory of the estate. 101 N. Y. Supp. 776. The report of the referee has now come in, and he finds upon evidence that is absolutely conclusive that the note referred to was paid by the executor and the principal sum included in the inventory and also in his account, and that the account also contained the accrued interest due on the note at the date of the death of the decedent. This report clearly emphasizes the impropriety of permitting the parties to go outside of the issues in a matter of this kind, and shows clearly that this executor in this respect at least has been subjected to a grave injustice, and leads us to say further that we need not discuss the other matters outside of the issues assigned as causes of removal, none of which under the circumstances and proof in this case were deemed by us of sufficient moment to be the foundation of further inquiry under the order of reference which we made.

The only charge of substance within the issues which was assigned by the surrogate as a reason for the removal was that the executor had invested moneys of the estate in securities unauthorized by law; but that charge is rendered of no serious importance by reason of the findings of the surrogate that no loss has accrued to the estate on account of any investment made by the executor, and that he has never

been compelled to foreclose any of the securities that he has taken for the estate. There was a further finding that the proceeding for the removal of the executor was not commenced until after the judicial settlement of his accounts and a distribution and division of the property made as provided by the decree upon such settlement. That decree recites that the executor has fully accounted for all the personal estate and personal property of the estate of said deceased which has come into his hands as such executor, and his accounts were thereupon judicially settled and allowed as filed and adjusted. This settlement, although termed an intermediate accounting, was made after due service of a citation therefor upon the petitioner. She was therefore bound thereby, and it has removed from the legitimate field of controversy many matters which appear to have been litigated in this proceeding. The reason of the surrogate for the removal seems to be that it was his duty to take into consideration all of the acts of the executor whether before or after the decree of settlement which in any way affected his conduct in the management of the estate. The authorities upon which he apparently relied, however, were cases which were not brought for the removal of the executors or trustees, but to charge them for losses by reason of unauthorized investments.

The power to remove an executor is given for the protection of estates, but that power should not be exercised when the purpose of the petitioner is clearly not to protect the estate, but to punish the executor. Elias v. Schweyer, 13 App. Div. 340, 43 N. Y. Supp. 55; Matter of Monroe, 142 N. Y. 491, 37 N. E. 517. That is the rule laid down by the elementary writers. In Perry on Trusts, § 276, it is said:

"There must be a clear necessity for interference to save the trust property before an executor or trustee shall be removed. The power of the removal of trustees appointed by deed or will ought to be exercised sparingly by the court. Nor will a trustee be removed for every violation of duty, or even breach of trust, if the fund is not in danger of being lost. There must be such misconduct as to show want of capacity or of fidelity, putting the trust in jeopardy."

This rule is cited with approval in Matter of O'Hara, 62 Hun, 534, 17 N. Y. Supp. 91, and in Elias v. Schweyer, supra.

In Story's Equity Juris. § 1289, it is said:

"It is not, indeed, every mistake or neglect of duty, or inaccuracy of conduct of trustees, which will induce courts of equity to adopt such a course (i. e., to remove trustees). But the acts or omissions must be such as to endanger the trust property, or to show a want of honesty, or a want of a proper capacity to execute the duties, or a want of reasonable fidelity."

So, also, in Matter of Monroe, 142 N. Y. 491, 37 N. E. 518, which was a proceeding to remove an administrator, the court says:

"This is a proceeding, not to punish the administrator, but to protect the estate, and it was invoked in this case under circumstances wholly unnecessary and unjustifiable. The court found that the administrator and his sureties were financially responsible and able to make good the estate if it suffered loss. The unimportant and vexatious questions litigated in this proceeding could have been disposed of on the accounting and the administrator charged in a final decree for all losses he had caused the estate, if any such were proved."

In the brief of respondent's counsel he says:

"The petitioner did not attempt in this proceeding to remove the executor for any loss occasioned by his acts while acting as such, but was brought for the purpose of reviewing his conduct as executor and determine whether or not he should continue in that office."

Here is a concession which shows that the proceeding is entirely outside of the purposes for which it may legitimately be commenced and prosecuted, under the law, to remove an executor. The conduct of the executor, so far as his accounts were concerned, received judicial approval when his accounts were settled.

It there appeared that he had administered a personal estate received from the testator amounting to $183,068.83 and which was increased under his management by the sum of $16,964.63. It also appears that the testator had for many years, through the agency of this same George M. Burr, who was his son-in-law, and whom he made his executor, invested considerable portions of his estate in first mortgages on lands in western states, many of which were on hand at the date of his death, and that Burr as executor made a number of investments of moneys belonging to the estate in the same way. There was also proof that he and his coexecutor, the testator's widow, also loaned $34,696.33 of moneys belonging to the estate to one Louis Sands upon his promissory note. It is true that these investments were unauthorized under the law relating to the administration of trust estates, but there is nothing in the evidence to show that they were not made in entire good faith, and for what was believed to be for the best interest of the estate. Sands was a man, according to the evidence, to whom the testator had been in the habit of loaning money. He was the president of a national bank, the largest taxpayer in his city, and a man, according to Mr. Burr's testimony, worth between $1,000,000 and $2,000,000. The loan to him was repaid in full, with all interest thereon, and the surrogate so found. He also found and the decree on the accounting, which included all the investments which were questioned, shows that the estate never lost a dollar by any investments made by his executor.

After receiving and receipting for her distributive share pursuant to the decree on the intermediate accounting, the petitioner commenced this proceeding to remove him from his trust. It appears that there remains of the estate in his hands only $3,770 which was in notes taken by the testator that had not been paid at that time, and which amount is barely sufficient to pay the executor's commissions and the expenses of a final accounting. He is a man of abundant means, according to the proofs, to render the estate entirely secure in his hands, and he has not been shown in any sense to be a person "unfit for the due execution of his office." We think no just or legal cause for his removal was shown, and for the reasons stated that the decree appealed from should be reversed.'

Counsel for the executor asks that there shall be refunded to him the costs and disbursements which he was ordered in the decree to pay to the petitioner, and which it is claimed were paid in order to perfect the appeal, but we find nothing in this record showing this payment

and nothing upon which we can now properly compel restitution. That matter must therefore be left to a separate motion.

Decree reversed on the law and on the facts, with costs against the petitioner personally, and said George M. Burr reinstated as executor. All concur.