(54 Misc. Rep. 149.)

### WIGGINS v. BURR et al.

(Supreme Court, Special Term, New York County. April, 1907.)

TRUSTS—REMOVAL OF TRUSTEE.

Where no want of integrity or capacity is shown on the part of a testamentary trustee, and the property is in no danger, and the remaindermen do not object to his conduct, and one of them, having a one-third interest in the fund, subject to the estate of the life tenant, is the wife of the trustee, who has acted in good faith and observed sound discretion, he will not be removed at the suit of the life tenant, where the estate has suffered no loss from his investments during the 10-year period of his trusteeship.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 217, 218.]

Action by Marie S. Wiggins against George M. Burr and others. Complaint dismissed.

Weill & Weill, for plaintiff.
Willard & Stewart, for defendants.

O'GORMAN, J. This is an action brought by a life beneficiary for the removal of the trustee of a fund of $101,559.24. The omissions properly chargeable against the trustee are not of sufficient gravity to warrant his removal. The testimony does not establish want of integrity or capacity, and the security of the property is not endangered. The plaintiff is now 58 years of age, and the remaindermen, whose interest is far more substantial than the life tenant's, offer no objection to the conduct of the trustee. The wife of the defendant is one of the remaindermen, and has a one-third interest in the fund, subject only to the plaintiff's life estate. In investing the moneys of the estate the defendant has acted in good faith, and has generally observed excellent care and sound discretion. The estate has suffered no loss from any one of the numerous loans made during the 10-year period of his trusteeship. The charge of improper disbursements is not sustained. Payments of income under the provisions of the will are to be made to the plaintiff upon her personal receipt only, and much of the

misunderstanding between the parties appears to be due to the plaintiff's disregard of this provision. The defendant's delay in converting certain securities into cash may invite criticism, but it is not every mistake or neglect of duty which will induce a court to remove a trustee. The power of removal must be exercised sparingly. There must be a clear necessity for interference to save the trust property. Elias v. Schweyer, 13 App. Div. 336, 43 N. Y. Supp. 55. No such necessity exists. Complaint dismissed, with costs.

Complaint dismissed, with costs.