(120 App. Div. 504)

### In re DITTRICH.

(Supreme Court, Appellate Division, Second Department. June 14, 1907.)

EXECUTORS—REMOVAL—DECREE—FAILURE TO MAKE FINDINGS OR CONCLUSIONS —EFFECT.

Where, in proceedings under Code Civ. Proc. § 2685 et seq., for the removal of an executor, the answer filed by the executor, on return of the citation, raised material questions of fact, and the surrogate took no evidence whatever, a decree granting the removal, unsupported by findings of fact or conclusions of law, was reversible.

Appeal from Surrogate's Court, Kings County.

In the matter of the application of Andrew Dittrich, executor, etc., for the removal of Ellen C. Duffy, as executrix, etc. From a decree revoking letters testamentary issued to her as coexecutrix, etc., said Ellen C. Duffy appeals. Reversed.

See 102 N. Y. Supp. 1124.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

P. J. Rooney (Henry L. Scheuerman, on the brief), for appellant.

Samuel H. Evins (John P. East, on the brief), for respondent petitioner.

Francis G. Caffey, for respondent Dittrich.

HOOKER, J.   The appellant's coexecutor applied by petition to the Surrogate's Court for her removal (section 2685, Code Civ. Proc.), and presented a voluminous affidavit, which accompanied the petition, as required by section 2686 of the Code.   The surrogate, upon this preliminary hearing, being satisfied of the truth of the allegations of the petition, issued a citation according to the prayer thereof.   Upon the return of the citation, the appellant filed her answer to the petition; and it can hardly be doubted that her answer raised material questions of fact.   The surrogate took no evidence whatever, either in support of the allegations of the petition, or those of the answer, and the decree appealed from was signed and entered without the support of any findings of fact or conclusions of law.

The appellant contends that the decree should be reversed because of this infirmity, and her contention seems to be correct.   Matter of Monroe, 142 N. Y. 484, 37 N. E. 517, was an appeal from a judgment affirming a decree of the Surrogate's Court, which revoked letters of administration granted to the appellant.   In criticising the insufficiency of the findings of fact upon which the decree was entered, the Court of Appeals said (page 488 of 142 N. Y., page 517 of 37 N. E.):

"The very general charges of this petition were sought to be sustained by affidavit proof, as required by the Code, in order that citations might issue. Code Civ. Proc. § 2686. As this court has no power to weigh the evidence on disputed questions of fact, and can only deal with legal error, it becomes necessary to examine the findings of fact and conclusions of law upon which the decree rests. The case on appeal is voluminous, and the evidence has been introduced to a considerable extent without regard to the issues framed by the petition and answer. There are findings of fact upon matters not included in the allegations of the petition. There are numerous alleged findings of fact the mere statements of conclusions, entirely destitute of specific facts, and utterly without value. The Code does not contemplate such practice, and to permit it would be to impose upon an appellate tribunal the laborious duty of searching the record for facts that should be incorporated in the findings."

That parties defeated in proceedings brought under section 2685 et seq. of the Code are entitled to review the decree entered certainly must be conceded.   It seems to be entirely at variance with the provisions of the Code and the theory of our practice that a hearing had upon such an application should result otherwise than in the court making findings of fact upon which a decree may be entered.   Matter of Scott, 49 App. Div. 130, 62 N. Y. Supp. 1059, is directly in point. There it was held that the decree of the Surrogate's Court, removing a trustee under the last will and testament, should be reversed, where the matter was heard before the surrogate upon affidavits, and an order was made for the removal of the appellant, "and no findings of fact or conclusions of law were made, as required by the statute."   We approve the reasoning of this case, which must control.   The contention of the respondents that Matter of Waterman, 112 App. Div. 313, 98 N. Y. Supp. 583, is authority for the practice indulged in is not sound.   At page 318 of 112 App. Div., page 586 of 98 N. Y. Supp., it appears from the opinion in that case that findings of fact and conclusions of law were made, and exceptions thereto were taken.

The decree appealed from should therefore be reversed, with costs, and the proceedings remitted to the surrogate.   All concur.