It is within the discretion of the surrogate whether to remove an executor, under Code Civ. Proc. § 2685; and such discretion should not be exercised, where there has been no loss to the estate and there is no peril to the fund.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. § 35.*]

Application to revoke letters testamentary of Gesine Engel, executrix of Claus Doscher. Application denied.

Henry F. Cochrane, for petitioners.

Rambaut & Wilson (Charles H. Beckett and Edward H. Wilson, of counsel), for respondent.

KETCHAM, S. In this proceeding, brought by three executors for the removal of the fourth, the petitioners insist that, if the sur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

    133 N.Y.S.—70

rogate shall find that the respondent's conduct has been such as to bring her within the reprobation of either subdivision 1 or 2 of section 2685 of the Code of Civil Procedure, it is not within the discretion of the court to withhold its order of removal. They cite section 2687 of the Code, as follows:

" * * * If the objections [made in accordance with section 2685], or any of them, are established to the surrogate's satisfaction, he must make a decree, revoking the letters," etc.

And they go far to show the mandatory and absolute quality of the direction last quoted, by contrasting therewith the remainder of the same section, which permits the surrogate, in his discretion, to dismiss the proceedings upon terms, and to allow the letters of the respondent to remain unrevoked where the case is within subdivision 3, 4, or 5 of section 2685. Their argument is that, where the context of the statute as to one class of allegations against the executor commands that the surrogate, upon proof, must revoke the letters, while as to another class he is expressly permitted to exercise a discretion, the provision that the order must be made is intensified by the contrast. This construction, however attractive, is forbidden by authority. Matter of Monroe, 142 N. Y. 484, 37 N. E. 517; Matter of O'Hara, 62 Hun, 531, 17 N. Y. Supp. 91; Elias v. Schweyer, 13 App. Div. 336, 43 N. Y. Supp. 55; Matter of Waterman, 112 App. Div. 313, 98 N. Y. Supp. 583; Matter of Thieriot, 117 App. Div. 686, 102 N. Y. Supp. 952; Matter of Burr, 118 App. Div. 485, 104 N. Y. Supp. 29.

These cases make it clear that, although a violation of duty or even breach of trust may be found upon the evidence, the letters should not be revoked, if the fund or estate is in no danger of being lost. While some of these decisions do not apply to the duties and limitations of a surrogate under the section considered supra, others are directly in point, and they involve an interpretation of that section inconsistent with the petitioners' claim.

The accused executrix is presumptively able to respond for any default. She has received from this estate alone more than a half million dollars, and there is no suggestion that she has dissipated it. Eighty per centum of this estate has been safely distributed. There is a pending proceeding for an accounting, in which three of the executors have submitted their account, and in which the respondent may be required to also account. In that proceeding, every claim that any of the executors has inflicted loss upon the estate may be determined. In the meantime, none of the necessary enterprises of the estate need be halted, and there is no peril to the fund which would justify the removal of the respondent.

The application is denied, without costs.

Application denied, without costs.