Order modified by striking out the provision for the renewal of the motion at a future time, and as so modified affirmed, without costs of this appeal to either party. All concur.

WYLLYS E. PETTIT, Appellant, v. DANIEL A. ROUSE, Respondent.— Judgment modified by reducing the amount of defendant's damages to $1,023.75 and as so modified affirmed, without costs of this appeal to either party, upon the ground that the evidence of usable value, based upon the gross rental (if that be the basis used by the referee) is erroneous; that under the evidence in this case the only method by which damages for detention can with any degree of certainty be measured, is to allow $787.50 (being thirty-five per cent of $2,250) for depreciation of the new Stewart truck bought by defendant in 1920, plus $236.25 interest on the purchase price thereof for one year and nine months, making $1,023.75 in full compensation for the loss of use of the old truck. The third finding of fact is amended accordingly. The omission of a direction for judgment in the referee's report is also supplied. All concur.

MABEL WOLFF, as Administratrix, etc., of EMIL WOLFF, Deceased, Respondent, v. BUFFALO CEMENT COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

JAMES C. KENNEDY, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

MILDRED WEIGAND, an Infant, by ADAM WEIGAND, Her Guardian ad Litem, Respondent, v. THE JACOB DOLD PACKING COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

ADAM WEIGAND, Respondent, v. THE JACOB DOLD PACKING COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

JAMES EASTWOOD, Respondent, v. THE TOWN OF RED HOUSE, Appellant.— Judgment and order affirmed, with costs. All concur, except Davis and Sears, JJ., who dissent and vote for reversal.

CITY OF SYRACUSE, Respondent, v. NATIONAL SURETY COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

LOUIS ROSSI, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order affirmed, with costs, on the authority of *Foryciarz* v. *Prudential Ins. Co.* (95 Misc. Rep. 306; affd., 177 App. Div. 952). All concur.

JOSEPHINE JOHNSON, Respondent, v. MAY F. GUERNSEY and Another, as Administrators, etc., of JARED B. FLISHER, Deceased, Appellants, Impleaded with Another.— Interlocutory judgment reversed on the law, without costs of this appeal to either party, and a new trial granted before another referee upon the ground that a complete determination of the controversy cannot be had without the presence of other parties. Whether the interest of Dora E. Flisher under the trust agreement was a vested or contingent remainder was a question which, in the absence of her personal representatives and heirs, may not be determined so as to bind them. (Civ. Pr. Act, § 193; *Elias* v. *Schweyer*, 13 App. Div. 336; *Thompson* v. *N. Y. El. R. R. Co.*, 16 id. 449.) All concur.

VALENTINE KRZYMINSKI, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide event, unless the plaintiff shall, within twenty days, stipulate to reduce the verdict to the sum of $3,500, in which event the