In the Matter of the Judicial Settlement of the Account of Proceedings of MORTON ROSENBERG and Others, as Executors, etc., of CHARLES ROSENBERG, Deceased.

ETHEL MAYER and Others, Appellants, Respondents; MORTON ROSENBERG and Others, as Executors, etc., Respondents, Appellants; BERTRAM G. EADIE, as Special Guardian for CONSUELO ROSENBERG and Others, Infants, Respondent, Appellant.

Second Department, April 17, 1925.

Executors and administrators — accounting — son was employee of testator and not partner — son was not partner with estate after death of testator — executors continuing business under will had right to pay bonuses to employees — surrogate properly refused to remove executors — fixing of counsel fees and allowances, prior to time when Surrogate's Court Act, § 231-a, became effective, without affidavits was improper — under statute at present compensation must be fixed on notice and allowances made on affidavits showing number of days occupied — allowance for attorney representing four adult contestants should be fixed at ten dollars per day — allowance should not have been multiplied by number of contestants represented.

On proceedings for the judicial settlement of the account of executors and trustees the evidence establishes that a son of the testator was employed by him and was not a partner in his business, and that, therefore, the relation of master and servant ceased upon the death of the testator and the son was not a partner with the estate in the testator's business.

The executors who continued the business under a direction in the will properly paid bonuses to certain employees of the business, and since the executors acted in good faith and in accordance with a common custom, their account will not be surcharged with the amount of the bonuses.

The surrogate very properly refused to remove the executors, since it was not shown that the estate was in danger of being lost.

The act of the surrogate in fixing allowances and counsel fees, which was done prior to the time when section 231-a of the Surrogate's Court Act took effect, without any affidavit showing the amount of time spent by the attorney and the counsel, cannot be sustained.

Under the statute as it now exists, compensation of an attorney may be fixed in a proceeding brought for that purpose and on notice or, if an allowance only is to be made, it must be on affidavits showing the number of days occupied in the preparation of the accounts and the trial of issues relating thereto.

It was improper for the surrogate in fixing the allowances for the attorneys for four adult contestants, all of whom were represented by one firm of attorneys, to make an allowance equal to four times the usual allowance of ten dollars per day, on the theory that the firm of attorneys was entitled to an allowance of ten dollars per day for each contestant represented.

APPEALS and CROSS-APPEALS by adult contestants, Ethel Mayer and others; by Roslyn Rosenberg, a legatee, and by Morton Rosenberg and others, as executors, etc., from certain portions of a decree,

and by Bertram G. Eadie, as special guardian for infant contestants, from each and every part of said decree of the Surrogate's Court of the county of Richmond, entered in the office of said Surrogate's Court on the 3d day of February, 1922, settling the account of the executors and trustees of Charles Rosenberg, deceased, with notice of intention by the adult contestants and Roslyn Rosenberg to bring up for review upon such appeal an order of said Surrogate's Court, entered in the office of said Surrogate's Court on the 14th day of February, 1922, denying the motion made by the contestant, Jacob Rosenberg, before the signing of said decree, for an order compelling the executors to allow certain of the adult contestants and the special guardian an opportunity to make an inspection and audit of specified books, accounts and vouchers.

*San, Ittelson, Van Voorhis & Klauber* [*Abel E. Blackmar* of counsel], for the adult contestants and for the appellant Roslyn Rosenberg.

*Bertram G. Eadie,* special guardian, for the infant contestants.

*Samuel Blumberg* [*Almet F. Jenks* of counsel; *Almet F. Jenks, Jr.,* with him on the brief], for the executors and trustees.

*Samuel Blumberg* [*John G. Clark* of counsel; *Arthur M. Loeb* with him on the brief], for the executors and trustees.

PER CURIAM:

This proceeding was initiated by the filing of the petition of Robert Rosenberg, one of the sons of the testator, for the compulsory accounting of the executors and trustees. Thereafter the executors and trustees filed a petition for a voluntary accounting. The proceedings were consolidated and the executors and trustees filed their voluntary account. The accounting executors were Barbara Rosenberg, Morton Rosenberg and Dorothy Hyams, the widow, son and daughter, respectively, of the testator.

On the 4th of July, 1917, Charles Rosenberg, a resident of Richmond county, died, seized of many parcels of real property situate in various boroughs of the city of New York, and possessed of many real estate mortgages and other securities. At the time of his death he was engaged in the wholesale knit goods business in the borough of Manhattan, conducted under the name of the Model Manufacturing Company, which has been conducted since his death by the executors under that name and under the name of the Model Knit Wear Manufacturing Company. Upon the accounting, Morton Rosenberg, a son and an executor under the will, claimed to have been a partner in the knit goods business with his deceased father. The contestants filed objections to his claim. The objections of

Roslyn Rosenberg were withdrawn by her. Various witnesses testified that the decedent had declared that he had admitted Morton to a partnership in the business. Other witnesses testified that the decedent had stated to them that Morton was not a partner, but that he was an employee, and that his compensation as such was a sum equal to one-half of the net profits of the business. On the first coming of this appeal to this court, a referee was appointed, pursuant to the provisions of section 309 of the Surrogate's Court Act, to take further testimony on this litigated issue of fact. (See 208 App. Div. 707, 736, 743.) The evidence taken before the referee consisted largely of documentary proof of declarations of the decedent and of his son, Morton. From all of the evidence we think it clearly appears that Morton was merely an employee, and not a partner; the terms of his employment being that he should receive a sum equal to one-half of the net profits of the knit-wear business. There was, therefore, between father and son the legal relation of master and servant, which relation was terminated by the death of the father on July 4, 1917. The finding of the learned surrogate that Morton Rosenberg had been a partner with his father, and that, under the paragraph of the will which authorized and directed that the business be continued, he was, after his father's death, a partner with the estate, is against the weight of evidence, and is reversed. This court makes a new finding that Morton Rosenberg was an employee only, on the terms above stated.

We are in accord with the finding of the learned surrogate that the trust created by the 3d paragraph of the will was invalid and void on the ground that it directs the unlawful accumulation of income. The illegality of this provision is admitted by all of the parties before this court.

Other questions litigated before the surrogate were in connection with the increased compensation given to employees by Morton Rosenberg while he was conducting the business. The surrogate found by the decree "that the executors conducted the business of the Model Knit Wear Mfg. Co. during the period of the war in the customary way in which merchants did business during said period; that the executors, in paying bonuses to Harry Hammel, one of the business employees, for the years 1918 and 1919, and to Samuel Hyams, one of the business employees, for a part of the year 1919, were acting in good faith." There is no evidence which sufficiently challenges the good faith of the executors in making those payments. They have been characterized as a gift or bonus. There is nothing inherently wicked in the term "bonus." It has been an everyday occurrence for business enterprises, both large and

small, to give to their employees and officers a participation in the profits as an incentive to the use of their best efforts in promoting the well-being of the business. Contracts of employees providing for a certain salary and, in addition, for a percentage of the profits, were, evidently, regarded with favor by the testator himself; for he employed his son Morton, as we have found, on that very basis. As there is no evidence to impugn the good faith of the executors, the disbursements made to the employees, by way of extra payments for services, should have been allowed as proper payments by the executors; and so much of the decree as surcharges them with part of such payments is reversed.

We are also in accord with the learned surrogate in so far as he refused to remove the executors as such and to revoke their letters. It is not shown that the fund or estate is in danger of being lost, and as to this the surrogate's decision is within the ruling made in *Matter of Engel* (74 Misc. 308) and the cases therein cited.

The decree appealed from contains the following provision:

" And the executors having requested this Court to pass upon the fair and reasonable value of the services of Samuel Blumberg, Esq., their attorney, and of John G. Clark, Esq., of counsel for said attorney, for their respective services rendered in this proceeding, and the Court having taken the said matter under advisement, it is now

" Ordered, Adjudged and Decreed, that the fair and reasonable value of the services rendered in this proceeding by Samuel Blumberg, Esq., attorney for the executors and trustees, is the sum of fifteen thousand dollars ($15,000), which sum includes costs and allowances which the executors are entitled to [on] this accounting, and that the fair and reasonable value of the services rendered in this proceeding by John G. Clark, Esq., Counsel for the said Executors and Trustees, is the sum of fifteen thousand dollars ($15,000), and the said executors are hereby authorized to make such payments to their said attorney and their said counsel."

The fixing of this sum as counsel fees and allowances, so far as the record shows, is not based upon any affidavit showing the amount of time spent by the attorney and the counsel, and, therefore, cannot be sustained by this court in the present state of the record. Since the entry of this decree, on the 3d of February, 1922, the Legislature has added to the Surrogate's Court Act section 231-a, which went into effect on September 1, 1923. (See Laws of 1923, chap. 526.) By this section the court now has the power, at any time during the administration of an estate, to hear an application for and to fix and determine the compensation of an attorney for services rendered to an estate

or to its representative, or to a legatee, or any person interested. This statutory provision, however, contemplates notice to persons interested, an opportunity to be heard, and the fixation of the compensation. If the persons interested in this estate cannot agree on the amount of such compensation, it will be necessary to have it fixed in a proceeding brought for that purpose, or if an allowance only is to be made, under the section of the act, it must be on affidavits showing the number of days occupied in the preparation of the account and the trial of the issues relating thereto. For this reason the provision fixing the reasonable value of the services, including costs and allowances, is reversed.

There is also a cross-appeal by the executors from that part of the decree which fixes the allowances to the attorneys for the adult contestants. These allowances were made under section 278 of the Surrogate's Court Act, which, at the time of the making of the decree, read in part as follows:

" § 278. When surrogate to fix amount of costs. The surrogate, upon rendering a decree, may, in his discretion, fix such a sum as he deems reasonable, to be allowed as costs, to the petitioner, and to any other party who has succeeded in a contest, or whose attorney, in the absence of a contest, has rendered services in the proceeding of substantial benefit to him, or to the estate or fund, not exceeding, where there has not been a contest, twenty-five dollars, or where there has been a contest, seventy dollars; and, in addition thereto, where a trial or hearing upon the merits necessarily occupies more than one day, ten dollars for each additional day, necessarily occupied in the trial or hearing and in preparing therefor, and where a motion for a new trial is made, if it is granted, twenty-five dollars; if it is denied, fifteen dollars."*

In order to obtain this *per diem* allowance and the costs referred to in said section there was filed a long affidavit containing a recital of the services rendered by the attorneys for the adult contestants. The outstanding fact concerning this allowance is that the attorneys were actually engaged 414 days in preparing for trial and in actual trial. At $10 a day, the rate allowed by the surrogate, the amount would be $4,140. The attorneys claimed, and the surrogate allowed the claim, that because the attorneys represented four contestants the *per diem* allowance should be multiplied by four, making the allowance $16,560. For the same reason, $70 costs for contest, was multiplied by four, making the amount $280. The statute does not contemplate the multiplication of allowances in this way when many contestants appear by the same attorney, are similarly situated, and have interests that

---

* Since amd. by Laws of 1923, chap. 527.— [REP.

First Department, June, 1925.                    [Vol. 213

are not adverse. This allowance will, therefore, be reduced to $4,140, and the costs to $70, making, with $552.45, the disbursements allowed, a total of $4,762.45. The decree is modified accordingly.

The account will have to be restated to conform to the findings indicated by this memorandum opinion. If the persons interested can all agree as to the terms of the account to be restated, the entire matter may be settled by a decree of this court. If they cannot so agree, it will be necessary to send the matter to a referee to restate the account as found herein and to fix the reasonable value of the services of attorney and counsel for the executors and trustees. The fixation of the fees of the special guardian will be determined upon the final restating of the account.

The decree of the Surrogate's Court of Richmond county should be modified, on the law and the facts, in accordance with the terms of this opinion, with costs, payable out of the estate, to all parties appearing and filing briefs.

KELLY, P. J., RICH, JAYCOX, MANNING and KELBY, JJ., concur.

Decree of the Surrogate's Court of Richmond county modified, on the law and the facts, in accordance with opinion, with costs, payable out of the estate, to all parties appearing and filing briefs. Settle order, with proposed findings, on notice.