In the Matter of the Estate of JOSE E. CHAVES, Deceased.

Surrogate's Court, New York County, May 16, 1932.

*Robert H. Law, Jr.,* for the executrix.

*Cyrus B. Austin,* for the objectant.

FOLEY, S. My original decision disposed of certain objections in this contested accounting proceeding (*Matter of Chaves,* N. Y. L. L. Jan. 15, 1932). The issues raised by the supplemental objections filed to the account of the executrix remain for disposition.

Objection No. 5 is overruled. It presents the frequently recurring situation arising out of the present financial depression, where a surcharge is sought against the representative of the estate for failure to sell securities. The widow is the sole executrix of the estate. She is also the life tenant of the residuary trust. The objectant is the sole remainderman of the trust. Her remainder is vested. She was the sister of the testator. The widow was originally appointed administratrix upon the belief that no will existed. Subsequently a will was discovered, offered and admitted to probate and letters testamentary were issued to the widow. The estate originally consisted of approximately $470,000. The securities left by the decedent included in part legal investments and in part stocks and bonds, which were not legal investments under the law of New York. These non-legals aggregated in value as of the date of death approximately $200,000. The largest item was a number of shares of Atchison, Topeka and Santa Fe Railroad Company stock. The objectant seeks to surcharge the executrix with the shrinkage in value of the securities on the theory that they should have been sold within one year after the issuance of letters of administration or shortly thereafter. The year terminated on June 11, 1931. The claim of the objectant, if sustained, would result in a surcharge against the widow as executrix amounting to several thousands of dollars. If the present value of the securities in dispute, which are still retained within the estate, was taken as a measure of damage, the surcharge would be increased to almost

$100,000. This is the accounting of the executrix. The widow previously accounted as administratrix. By a decree made by my colleague, Mr. Surrogate O'Brien, on July 24, 1931, she was discharged as administratrix and was directed to turn over the assets of the estate (including the disputed securities) to herself as executrix. The objectant here appeared voluntarily in that proceeding through her attorney and specifically consented to the entry of a decree judicially settling the account of the administratrix as filed. She made no objection to the account or to the retention of the securities. I hold as a matter of law, therefore, that the decree discharging the widow as administratrix is conclusive. No act of the widow during the period of her service as administratrix can now be questioned in this proceeding. I hold further that the objectant is precluded from asserting any liability during this period against the widow as executrix, because of the objectant's failure to protest in the prior accounting proceeding and by her consent to the entry of the decree. (Surr. Ct. Act, §§ 80, 274; *Cowenhoven* v. *Ball*, 118 N. Y. 231; *Joseph* v. *Herzig*, 198 id. 456; *Matter of Hoyt*, 160 id. 607; *Bowditch* v. *Ayrault*, 138 id. 222; *Matter of Schley*, 202 App. Div. 169; affd., 234 N. Y. 616.) It is not material that the letters testamentary to the executrix were issued prior to her discharge as administratrix. The liability, if any, for the retention of the securities, in her executorial capacity, did not begin until the signing of the formal decree of this court directing the turning over of the securities by her, as administratrix, to herself as executrix.

Moreover, upon the evidence and under the special circumstances of this estate I hold that the executrix should not be surcharged for her failure to sell from the date of the formal turning over of the securities — July 24, 1931 — to the date of the filing of the account, or thereafter, down to the date of this decision. The account here was filed on December 8, 1931, a period of less than five months after the receipt of the securities. A significant reason for the retention of the specific securities is furnished by the oral and documentary proof. It has been clearly shown that the remainderman (the objectant here) and the executrix and their respective attorneys were engaged in a determined effort to destroy the trust and to divide the assets within it, including the disputed securities, the retention of which has been questioned. The decedent's widow and sister attempted to do this by a private arrangement and without judicial sanction, which would not and could not have been given. Under the law of New York a valid testamentary trust is indestructible, and an agreement to break it is illegal. (*Matter of Wentworth*, 230 N. Y. 176.) Illegality appears not to have been the material reason for the defeat of the plan

of the parties. The final disagreement arose rather from the inability of the sister to agree upon the exact fractional division of the property with the widow. In any event, one of the letters, in evidence, written by the attorney for the sister shows that the negotiations for a division of the securities, in kind, extended to at least November 13, 1931. I find specifically upon this evidence that the objectant not only acquiesced in but expressly consented to the retention of the securities to that date and that she is precluded thereby from objecting to any failure to sell previously by the executrix. (*Matter of Garvin*, 256 N. Y. 518, modfg. 229 App. Div. 803; *Matter of Niles*, 113 N. Y. 547.)

For the subsequent short period of less than one month, from November 13, 1931, to December 8, 1931, the date of the filing of the account and during the intervening time to the date of this decision I find no evidence of negligence, fraud, bad faith or lack of prudence on the part of the executrix. (*Matter of Pratt*, 143 Misc. 751.) The general rules with respect to the conduct of executors, administrators and trustees in such situations may be found in *Matter of Clark* (257 N. Y. 132); *Matter of Varet* (181 App. Div. 446; affd., 224 N. Y. 573); *Matter of Weston* (91 id. 502); *Matter of Pratt* (*supra*). The special circumstances of each case must govern the determination of the liability or freedom from liability of the fiduciary. It would indeed be a harsh rule which would compel a surcharge against the widow here of thousands of dollars, where acquiescence by the objectant for the greater part of the time of retention is plainly proven, where a period of less than a month elapsed after acquiescence had ceased and where the loss was caused by worldwide conditions incident to the present financial depression. The precedents applicable to such a situation impose no such unreasonable test of the conduct of a fiduciary.

Upon the evidence, the surcharge must be denied and the objections overruled. The executrix is directed to file a supplemental account in order that she may be finally discharged in that capacity and the trust properly set up. If the parties cannot agree in writing to a specific sale or retention of any or all of the disputed securities, the surrogate will make a proper direction by a further decision. For that purpose a written report should be made to the surrogate on May 23, 1932, as to the agreement or failure of agreement by the parties.

The sixth and seventh objections are sustained by consent.

Submit decree on notice settling the account in accordance with this decision and my previous determination herein.