In the Matter of the Estate of José E. Chaves, Deceased.

Surrogate's Court, New York County, May 28, 1932.

*Cyrus B. Austin*, for the petitioner.

*Robert H. Law, Jr.*, for the executrix.

Foley, S. This is an application under section 231-a of the Surrogate's Court Act to fix the compensation of the attorney for the sole vested remainderman, and to direct payment thereof out of the general estate. The services of the petitioner were rendered in a contested accounting proceeding. A dispute arose between the executrix, who is also the life tenant, and the remainderman as to the method of computing the income during the executorial year and the application of the rule in *Matter of Lord* (134 Misc. 198; affd., 228 App. Div. 771) and *Matter of Benson* (96 N. Y. 499). Other and more important objections related to an attempted surcharge of the executrix for retaining securities (*Matter of Chaves*, 143 Misc. 868).

The provisions of section 231-a of the Surrogate's Court Act with respect to the authority of the surrogate to direct payment "from the estate generally" are intended primarily, and almost exclusively, to apply to payments for services rendered to the executor, administrator or trustee. It was not intended to permit the diminishment of the pecuniary shares of other persons interested, by large allowances out of the general estate to attorneys for legatees,

remaindermen or other beneficiaries. In most cases these charges would fall unjustly upon the residuary legatees. In trust funds they would reduce the income of the life tenant or the share of the remainderman. Where disputes arise in accounting or other proceedings, the attorney for the party (who is not a representative of the estate) should be paid directly by the client he represents. Under section 278 of the Surrogate's Court Act costs may be awarded, or where a construction of the will is required, reasonable allowances may be made by the surrogate. In these cases the charges allowed are customarily payable out of the general estate or the principal of the trust fund.

In *Matter of Vorndran* (132 Misc. 611) Surrogate SCHULZ reviewed the provisions of the Surrogate's Court Act with respect to the award of costs, the fixation of allowances, and the sources of payment thereof. He pointed out that the surrogate should, under section 231-a, use great care before he makes a direction for payment out of the general estate. He denied an allowance to the attorney who brought on the compulsory accounting proceeding, and held that no benefit had resulted to the general estate through the attorney's services. (See, also, *Matter of Wood*, N. Y. L. J. May 12, 1927, and *Matter of Klausner*, Id. Jan. 31, 1930.) In *Matter of Parsons* (121 Misc. 747) I likewise denied such an application where the petitioning attorney represented a legatee in an unsuccessful probate contest. The exceptional cases, where an allowance out of the general estate is justified, are relatively few. In my opinion in *Matter of Parsons* I referred to one class of proceedings, where the circumstances might justify such a direction for payment. Thus, where an attorney for one legatee or next of kin compels an accounting by a defaulting executor or administrator and secures the restitution of diverted funds, either by the executor, or administrator, or by the surety, he should be compensated out of the general estate restored through his efforts. In such a case it would be a hardship to compel the legatee or beneficiary with a relatively small share to pay out of it the entire charge for an attorney's services which resulted to the advantage of other legatees or beneficiaries. *Matter of Lounsberry* (226 App. Div. 291) also typifies the exceptional case where payment out of the estate generally was justified. There certain legatees assumed the burden of compelling a daughter of the decedent to restore funds withheld from the estate. These legatees were successful and since the funds were brought into the estate for the general benefit of all, the allowance against all was held proper.

In the pending proceeding I specifically hold that the services of the petitioning attorney were not rendered for the benefit of the

entire estate. The nature of the issues need not be restated here. The facts were set forth in my previous decision in the contested accounting proceeding (*Matter of Chaves, supra*). It is sufficient to state that on the main contention for a surcharge against the executrix, the attorney seeking compensation here was unsuccessful. The income of the life tenant (the executrix) should not be reduced by an allowance of counsel fees out of principal.

The situation is similar to many contested accountings where disputes arise between the life tenant and the remaindermen. In such cases, the parties may be entitled to an award of reasonable costs. Since the petitioning attorney here has been in part successful, he may submit a bill of costs, under section 278 of the Surrogate's Court Act upon the settlement of the decree in the accounting proceeding, with a supporting affidavit as to the services rendered upon specific days.

Submit order on notice denying the application.