In the Matter of the Estate of PHILIP A. CONNE, Deceased.

Surrogate's Court, New York County, March 24, 1933.

*Joseph M. Baum*, for the petitioner.

*Proskauer, Rose & Paskus* [*J. Alvin Van Bergh* and *Charles Looker* of counsel], for the executrix.

*Joseph F. Moss*, special guardian.

DELEHANTY, S. Deceased in his lifetime entered into a trust agreement whereunder he deposited with Guaranty Trust Com-

pany of New York, as trustee, securities of the par value of $70,000, the income of which the trustee was directed to pay to beneficiaries named in the agreement. The agreement further provided: " It is the intention and purpose of the Grantor that the gross income from the principal of the said trust estate shall at all times during the lifetime of the trusts, amount to Four thousand nine hundred ($4900) Dollars annually, and for that purpose, the said Grantor hereby agrees upon the written demand of the Trustee, to deposit such additional securities to be approved of by it, to carry into effect the aforesaid intention and purpose."

The agreement further provided that if a demand of the trustee for deposit of additional securities was not complied with in ten days the *cestui* should have the right to take steps to enforce the provisions of the trust agreement. In 1932 the securities in the trust failed to produce the required income and a demand was duly made by the trustee upon the executrix of the above-named decedent to add to the trust other securities so as to insure the annual income of $4,900 according to the terms of the trust agreement. This demand was not complied with. The attorney for petitioner thereupon instituted a compulsory accounting proceeding in this court and rendered services therein as a result of which there was a substitution of securities sufficient to produce the required income. Counsel for the *cestui* now makes this application under section 231-a of the Surrogate's Court Act and asks that his reasonable charges be fixed and be made payable out of the estate. The executrix contends: (1) That whatever services were rendered by the petitioning attorney were rendered for the sole benefit of his client; (2) that they were not rendered for the benefit of the estate, and (3) that the client for whom these services were rendered is not " a person interested " in the estate as defined in Surrogate's Court Act. Petitioner concedes in point III of his brief that the services were not rendered for the benefit of the estate. Section 231-a of the Surrogate's Court Act is intended to authorize a payment " from the estate generally " only where the services rendered were beneficial thereto. (*Matter of Chaves*, 143 Misc. 872; *Matter of Vorndran*, 132 id. 611.) Under this section an application to fix attorney's fees may be granted when the services are rendered to a " person interested " in the estate and may be charged against the funds of the person so " interested." Petitioner's client is a *creditor* of the estate and as such does not come within the category of a " person interested." (Surr. Ct. Act, § 314, subd. 11.) The application must be denied.

Submit order on notice accordingly.