## SECOND DEPARTMENT, JANUARY, 1934.

In the Matter of the Estate of CHARLES ROSENBERG, Deceased.

In the Matter of the Petition of HAROLD R. LHOWE and Others, Comprising the Firm of LHOWE & OBSTFELD, Attorneys, Appellants, to Fix and Determine Their Compensation for Services Rendered to Legatees of CHARLES ROSENBERG, Deceased, and to Direct Payment Therefor from the Estate Generally. MORTON ROSENBERG and DOROTHY ROSENBERG HYAMS, Executors and Trustees, etc., of CHARLES ROSENBERG, Deceased, Respondents.

Decree of the Surrogate's Court of Richmond county affirmed, with costs to respondents, payable out of the estate. There is but one item that presents a colorable basis for an allowance to these petitioners on the theory that their activities have benefited the estate. It has relation to the claimed reduction of an allowance to an attorney at the time this court modified a referee's report recommending such an allowance. The modification was without prejudice to a proceeding under section 231-a. It seems that a settlement was had following the institution of such a proceeding, which resulted in a restoration, for the most part, of the amount excised by this court. To the extent that the restoration was not to the full amount, the surrogate has found that such saving was not sufficiently · substantial to warrant an allowance to these petitioners. Such a conclusion may be justified on the theory that many other proceedings, precipitated or necessitated by these petitioners or their clients, have burdened the estate with expense to an amount in excess of the nominal saving accomplished on the item in respect of the lawyer's fee. (See, also, *Matter of Chaves*, 143 Misc. 872.) Young, Carswell and Davis, JJ., concur; Lazansky, P. J., with whom Kapper, J., concurs, dissents.

LAZANSKY, P. J. (dissenting). In my opinion, the determination of the learned surrogate that the petitioners are not entitled to compensation under section 231-a of the Surrogate's Court Act because no benefits to the estate were derived from their efforts is an unreasonable exercise of discretion. In this estate, in which there has been far too much litigation, one of the decedent's children began a proceeding to compel the executors to account. The executors sought a voluntary accounting and the two proceedings were consolidated. Several of the children objected to the account, particularly as to the credit to Morton Rosenberg, a son and one of the executors, of one-half of the profits of the business from the date

of decedent's death to the time of the filing of the account, upon the claim that he had been a partner of decedent. The surrogate held that Morton Rosenberg was a partner at the time of the father's death, and that after the death his partnership interest continued and he was entitled to one-half of the profits. Upon appeal, this court made an order directing a referee to take proof upon the controversy as to the partnership (208 App. Div. 707). Upon the coming in of the referee's report, this court decided that the son was not a partner, and referred the matter to a referee to determine the value of the services rendered by Morton Rosenberg in managing the business, apart and aside from his duty as executor (213 App. Div. 167). It was here petitioners began their services. Upon the coming in of this referee's report, a final order was made that Morton Rosenberg was not a partner, but that he was entitled to $7,500 a year for services rendered from the death of the father up to the time of the accounting (218 App. Div. 845; 221 id. 762). This sum was considerably less than one-half of the profits. This determination was reversed by the Court of Appeals (251 N. Y. 115). That court held that the son was a partner, but was not entitled to compensation in addition to commissions. The coexecutor, having joined in the account, could not be expected to object to the claim. The only persons in a position to contest it were the other beneficiaries. The decision of this court, though reversed, is evidence of the good faith of the contestants and their attorneys and indicates they were warranted in believing their cause meritorious and that it would bring benefits to the estate. If benefit to the estate be the decisive factor, then inability to bear the expense may result in serious loss to helpless beneficiaries. A denial of compensation for these services for the reason given by the surrogate was improper. Kapper, J., concurs. [147 Misc. 517.]

Appeal from order denying motion for reargument dismissed. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.