In the Matter of the Estate of REINE AIMEE RUTHERFORD, Deceased.

Surrogate's Court, New York County, December 10, 1936.

*Uderitz & Newman,* for the petitioners.

*George H. Fox,* for the respondent.

DELEHANTY, S. Respondent was employed by deceased to prosecute her claim for damages for personal injuries. This claim was settled for $600 shortly prior to deceased's death. The full compensation of the respondent for his services in that action was paid to him, to wit, the sum of $210. Respondent-attorney remitted to deceased in her lifetime the sum of $170 by letter which in its text referred to the amount received, $600, to the deduction of fees and then contained the following:

"Withheld for the account of O. A. Townsend pursuant to written assignment out of proceeds of Aimee Reine Rutherford to recover monies advanced for hospital and other expenses, notice of which assignment has been received by the undersigned.............. ............ $220 00

"Net proceeds due Aimee Reine Rutherford......... 170 00

"Please be advised that we will withhold payment of the above mentioned sum of $220.00 to Mr. O. A. Townsend for a period of ten days from date, and that if we do not receive any communication from you to the contrary, we shall at the expiration of said ten days pay said sum of $220.00 to Mr. O. A. Townsend pursuant to said written assignment of said sum of $220.00 from the proceeds of this case.

"We hand you herewith our check to your order in the sum of $170.00 in accordance with the above statement."

When deceased received this communication she directed another attorney to notify respondent that she disavowed the alleged indebtedness to Mr. Townsend. This communication contained a notification to respondent that any payments made under the alleged assignment would be at the peril of respondent. This notice from his client reached respondent on or before July 9, 1935. Despite that notice respondent claims to have paid the sum of $220 to the alleged assignee on July 25, 1935.

At the close of the hearing counsel for respondent moved to dismiss the petition on various grounds and he repeats his motion in a memorandum filed in behalf of respondent. The bases for dismissal urged by him may be summarized as (a) objection to jurisdiction because only one executor signed the petition, (b) objection to jurisdiction because respondent showed that he had actually paid over the money, (c) delay in invoking this remedy, (d) payment of the money pursuant to a valid assignment, (e) payment by reason of an unrevoked authority to pay, and (f) the existence of an indebtedness of deceased to the alleged assignee.

There can be no doubt of the jurisdiction of the court. Any executor has the power to initiate a discovery proceeding and it is his duty to bring the proceeding whether his co-executor does or not whenever in his opinion the property of the estate is in the hands of third persons who refuse delivery of it.

There is no substance to the claim of lack of jurisdiction because the funds had been actually paid out by respondent. That contention was disposed of by *Matter of Wilson* (252 N. Y. 155).

There is no substance to the defense based on delay. Deceased died July 22, 1935. Letters testamentary were issued only on November 2, 1935. The discovery order was issued on April 1, 1936. It is not clear on what theory the claim of laches is made.

The claim of payment pursuant to a valid assignment is without basis. The purported assignment was in the attorney's hands as attorney for deceased. No credible testimony was presented to show any delivery of it to the purported assignee. Even if it were a genuine instrument it would constitute in respondent's hands no more than a direction or order of his client to make the payment. That direction or order terminated with deceased's death on July 22, 1935. The alleged payment is said to have been made on July 25, 1935. A more fundamental reason, however, exists for overruling the defense based upon the alleged assignment. The instrument has plainly been forged by alteration. Who is responsible for the forgery has not been disclosed on the record of this hearing. Except

for deceased's and the witness' signatures on it, the paper is in the writing of the alleged assignee. So far as the instrument is genuine it constitutes an ineffectual attempt by deceased at a testamentary disposition. The genuine instrument terminates with the phrase " This is my will." The forger added: " If my claim is settled I assign from proceeds and direct my attorney to pay amounts as advanced to me, such as hospital and hotel." The physical appearance of the paper, the spacing of the added text in relation to writings already on the paper prior to the forgery and the testimony of the handwriting expert all satisfy the court that the instrument upon which respondent relies for justification of the payment is a fabrication so far as any purported assignment is concerned.

Respondent apparently relies in some fashion upon what he calls " a valid authorization by the decedent." It has already been noted that immediately following respondent's letter transmitting the check of $170 to deceased he received notification that he would pay at his peril to any one other than deceased the remaining $220 of deceased's money in respondent's hands. Respondent and his counsel proceed upon the curious theory that since respondent collected the money in the prosecution of an action wherein he was sole attorney for deceased the latter was disabled from giving instructions to any other attorney concerning the proceeds of the action. It has already been noted that deceased died on July 22, 1935, and that the purported payment was made three days later. Respondent was aware of the death of deceased when the purported payment was made by him. His claim of authority to pay cannot survive the receipt by him on July 9, 1935, of the written notice that payment of any other funds would be at his peril. That notice was the act of deceased. The record leaves wholly unexplained the conduct of respondent in the alleged payment of his client's funds in the face of the notice which he received. He made no inquiry either of deceased or of deceased's new attorneys through whom he received the notice. His recklessness in making the purported payment leaves him liable to deceased's estate.

The final ground of objection is of course without any basis. The fact that deceased owed the alleged assignee is no justification for a payment of her funds. The money was estate property. The purported assignee was obliged to file his claim with the estate fiduciary if in fact he had one. If he substantiated it he then would be entitled to his ratable share of deceased's assets available for creditors.

Respondent is adjudged to have in his possession $220, the property of the estate, and will be required to make payment of that sum, with interest. Submit, on notice, decree accordingly.