In the Matter of the Estate of MORRIS GELLER, Deceased.

Surrogate's Court, Kings County, May 10, 1938.

*Benjamin Geller*, petitioner *pro se*, in support of motion.

*Herman Hoffman*, for Henrietta Heller, Michael Geller and Lena Goldberg, as distributees, as administrators, etc., of Morris Geller, and as executors, etc., of Rose Geller, and David Geller, Sadye

Weiss, Rebecca Sadowsky, Minnie Nudelman and Anna Bring, distributees, in opposition to motion.

WINGATE, S. Despite its daily invocation in Surrogates' Courts, a measure of misunderstanding still appears to persist respecting the nature and scope of the remedies available under the provisions of section 231-a of the Surrogate's Court Act which regulates the procedure made available for the fixation and award or confirmation of payment of compensation to attorneys for services performed in connection with estate affairs.

As amended by chapter 332 of the Laws of 1934, two varieties of remedies are provided by its terms, the *first*, for the benefit of an attorney who seeks compensation for the services which he has performed, and the *second* by an estate representative or individual who has been charged by and has paid his attorney, but who deems that the sum is extortionate and seeks a refund of a portion thereof.

The second variety of proceeding noted is of comparatively infrequent incidence and was fully considered in the opinions of this court in *Matter of Rosenberg* (157 Misc. 490); *Matter of Woolfson* (158 id. 928), and *Matter of Pagnotta* (161 id. 415).

Approaching a consideration of the former remedy, of which the attorney is the beneficiary, it will be observed that two diverse situations are envisaged by the enactment, in that the surrogate is accorded authority to fix the compensation of an attorney for services rendered: (a) " to an estate or to its representative, or " (b) " to a devisee, legatee, distributee or any person interested " in an estate.

In view of the frequently noted usual limitation upon the authority of Surrogates' Courts to the determination of the rights of individual claimants in the *rem* of the assets of the estate under consideration (See *Matter of Bradford,* 159 Misc. 482, 484; *Matter of Lusher,* Id. 387, 389; *Matter of Sichel,* 162 id. 2, 4; *Matter of Grube,* Id. 228, 230; *Matter of Milne,* Id. 688, 692), which excludes their jurisdiction in respect of the interpretation and enforcement of *inter vivos* agreements (*Matter of Lyon,* 266 N. Y. 219, 224; *Matter of Miller,* 257 id. 349, 356, 357; *Ward* v. *N. Y. Life Insurance Co.,* 225 id. 314, 319, 320; *Matter of Thomas,* 235 App. Div. 450, 454; *Matter of Campbell,* [FOLEY, S.] 145 Misc. 389, 390; *Matter of Duffey,* 158 id. 951, 954; *Matter of Lessig,* 165 id. 706, 709), it is wholly obvious that the surrogate possesses no authority under this section to adjudicate the rights of the attorney to compensation on the basis of any written agreement between him and his client which purports to fix the quantum thereof (*Matter of Gilman,* 251 N. Y. 265, 271; *Matter of Meng,* 227 id. 264, 269; *Matter of Hoffman,*

136 App. Div. 516, 519; *Matter of Woolfson*, 158 Misc. 928, 930; *Matter of Dugan*, 147 id. 776, 780), since to do so would amount to the interpretation and enforcement of a contract, the sole authority for which is confided to courts of general jurisdiction. The only effect, therefore, which any such agreement may have in a proceeding for fixation of compensation, is that of any evidentiary admission which may have more or less cogency depending on the other facts which may be developed on the trial. (*Matter of Dugan*, 147 Misc. 776, 781; *Matter of Post*, 155 id. 389, 390; *Matter of Lessig*, 165 id. 706, 709.)

The sources from which payment for services may be awarded by the surrogate are stated, in the final sentence of the second paragraph of section 231-a, to be (a) " from the estate generally " or (b) " from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein."

In practice, the award " from the estate generally " is limited to those instances in which the services have been rendered " to an estate or its representative " (*Matter of Ordway*, 196 N. Y. 95, 98; *Matter of Chaves*, 143 Misc. 872; *Matter of Vorndran*, 132 id. 611, 612; *Matter of Failing*, 152 id. 440, 441; *Matter of Cannariato*, 159 id. 409, 410), whereas for services rendered " to a devisee, legatee, distributee or any person interested," the award must be made payable " from the funds in the hands of the representative belonging to " the particular " legatee, devisee, distributee or person interested " on whose behalf and at whose request the particular services for which compensation is sought were rendered.

Whereas these principles are generally recognized by the bar in the abstract, litigation is not infrequent as to whether or not, as a concrete matter, particular states of fact come within the connotation of the phrase " benefit to the estate." As satisfactory a definition as has been found is given by Surrogate DELEHANTY in *Matter of Pelgram* (146 Misc. 750, 756). He there says: " The word applies to every aspect of administration which sound judgment would approve. If in the carrying on of such an administration legal services are required either in defense or in attack the fiduciary may contract for or may pay and receive allowance for reasonable fees."

This, however, does not, for reasons unnecessary in that decision, embrace those situations in which the estate is " benefited " and compensation is properly awarded to counsel for parties other than the fiduciary himself, such as *Matter of Lounsberry* (226 App. Div. 291), *Matter of Hirsch* (154 Misc. 736) and *Matter of Smith* (167 id. 95), in which counsel have been successful in bringing assets into the estate in addition to those previously admittedly held for

its account, in the distribution of which all interested parties are entitled to *pro rata* benefit.

In *Matter of Rosenberg* (147 Misc. 517, 520; affd., 241 App. Div. 601; affd., 265 N. Y. 521) and *Matter of Winburn* (160 Misc. 49, 52), such a state of facts is treated as a third variety of situation. This court cannot so consider it. In its opinion only two alternatives are presented, namely, *first*, service on behalf of the estate as a semi-entity (*Matter of Weissman*, 137 Misc. 113, 119; affd. on opinion of this court, 232 App. Div. 698), or, *second*, labor performed for an individual distributee.

The law and the terms of every will, whether express or " statutory," as devolution in intestacy was designated in *Matter of Williams* (162 Misc. 507, 510; affd., 254 App. Div. 741), impose certain obligations upon the named or potential fiduciary of the estate. Chief among these are the securing of judicial authority for the administration of the assets of the estate and the collection and reducing to possession of the property belonging to the decedent at the moment of death, to the end that distribution thereof may be made to those legally entitled thereto. (See *McAlpine* v. *Potter*, 126 N. Y. 285, 289; *Matter of Union Trust Co.*, 70 App. Div. 5, 9; *Matter of Gregory*, 150 Misc. 610, 612; *Matter of Ebbets*, 149 id. 260, 265; *Matter of Te Culver*, 22 id. 217, 221.)

In the performance of these duties the actual or prospective administrator, whether testamentary or intestate, is authorized, at the expense of the estate, to secure and avail himself of counsel (*Matter of Smith*, 167 Misc. 95), and it is obviously the policy of the law that " a liberal rule should be applied where an executor has honestly sought and availed himself of the advice of counsel in matters connected with the handling and settlement of an estate." (*Matter of Potts*, 213 App. Div. 59, 61; affd., 241 N. Y. 593.)

In any instance in which the nominated or presumptive fiduciary neglects these natural duties after a reasonable interval for their performance has elapsed, it is in the general interest that they should be performed by some other interested party, and in so far as they are thus successfully performed, the substitute is rightfully entitled to subrogation to the rights which the fiduciary would have enjoyed had he himself performed them, at least to the extent of exoneration from attendant expense. All relevant authorities indicate that such right has universally been recognized in respect of recovery of assets (*Matter of Lounsberry*, 226 App. Div. 291; *Matter of Rosenberg*, 147 Misc. 517, 521; affd., 241 App. Div. 601; affd., 265 N. Y. 521; *Matter of Vorndran*, 132 Misc. 611, 612; *Matter of Chaves*, 143 id. 872, 873; *Matter of Conne*, 147 id. 116, 117; *Matter of Failing*, 152 id. 440, 441; *Matter of Frame*, Id. 475, 478; *Matter of Hirsch*, 154

id. 736, 739; *Matter of Cannariato,* 159 id. 409, 410) and even in connection with the acts necessary of performance to secure the appointment of a representative of the estate. (*Matter of Seppala,* 149 Misc. 479, 480.)

Whereas, however, an attorney properly performing a natural obligation of the fiduciary on the retainer of a party other than such fiduciary himself is entitled to receive reasonable remuneration therefor from the assets of the estate, the converse is also true, and an attorney retained by the fiduciary is not entitled to compensation from estate assets for services which were not reasonably within the province of his principal in his representative capacity. (*Matter of Ordway,* 196 N. Y. 95, 98; *Matter of Pelgram,* 146 Misc. 750, 757.) In such a situation the services were not rendered " to " the " estate " or to " its representative " as such.

In the case at bar one of the items of service for which the petitioner seeks compensation from the assets of the estate generally relates to his alleged activities at the solicitation of certain distributees of the estate in unsuccessfully instituting a proceeding to prove an alleged lost will of the decedent. Since his opponents have, in effect, interposed a general denial of his asserted right to remuneration, it would ordinarily follow that if the performance of such service were a pertinent issue in the proceeding, the petitioner would be entitled to an examination before trial in respect thereof. (*Matter of Zaiss,* 147 Misc. 616, 617; *Matter of Baker,* 160 id. 862, 863.)

The present motion is for such relief, the enumerated proposed subjects of examination being:

" 1. Was the petitioner herein retained and authorized by the parties herein and the distributees of the Estate of Morris Geller, deceased, to institute proceedings to prove the Last Will and Testament of Morris Geller, deceased, as a Lost or destroyed Will?

" 2. Did the petitioner herein pursuant to such retainer institute proceedings to prove said Last Will and Testament of Morris Geller, deceased, as a lost or destroyed will?

" 3. The nature and extent of the services rendered by the petitioner herein in connection with the aforesaid proceedings."

It will be noted that no intimation is made that such attempted probate was instituted on behalf of a putative executor of the alleged will, and there is a similar absence of allegation in the original petition and in the bills of particulars. Whether or not the situation would be altered were the reverse the fact may well be left for determination if and when the question arises.

As presently propounded, the question underlying the motion is as to whether or not the retainer of an attorney by potential

distributees of an estate to attempt to prove a lost will where he has failed to attain success therein amounts to such benefit to the estate as to warrant his compensation from the estate generally for his services in that connection. On the principles hereinbefore reviewed, the answer must be in the negative. It follows that no issue exists in respect of such services since they are wholly immaterial in a determination of the rights of the petitioner to compensation under the present application and that the motion must be denied, with costs.

Enter order on notice in conformity herewith.