In the Matter of the Estate of KATHERINE L. KENTANA, Deceased.

Surrogate's Court, Kings County, March 20, 1939.

*Louis E. Hirsch* [*Charles L. Meckenberg* and *Milton Maurice Meyer* of counsel], for Mae F. McCann, as administratrix, etc., petitioner.

*Walter F. Doyle* [*George D. Stewart* of counsel], for Frank S. Gorman, as administrator, etc., petitioner.

*Cyrus S. Honig,* for Dorothy M. Heesch and Ethel G. Wright, distributees, objectants.

*Joseph C. Milanese,* special guardian for Arthur Gorman, Jr., and Jeanne Gorman, infant distributees.

WINGATE, S. The court is in agreement with the result attained by the learned referee and his report will be confirmed.

As has been observed on many occasions, the reasonable compensation of counsel for the conduct of an uncomplicated estate of moderate size will ordinarily approximate between five per cent of the gross assets and a single executor's commission.

Of course, if serious complications are encountered or the services rendered necessarily extend over a period considerably longer than that customarily required for the settlement of the usual estate, this figure may be varied.

In the present administration, no circumstances were present which may be dignified by the appellation of complications and with reasonable diligence counsel should have been able to close the entire matter in slightly over a year.

The gross assets for which accounting is made total $49,837.09. Five per cent of this sum would amount to $2,491.83. The learned referee has awarded to the two attorneys jointly, the sum of $2,500 which is $8.13 more than the sum attained by the use of this rule of thumb.

It is primary that no greater aggregate sum may be awarded as compensation from the assets of the estate where two or more independent attorneys are employed than when the whole service is performed by one only. (*Matter of Burroughs*, 155 Misc. 237, 239.)

The aggregate total allowed by the referee to both attorneys being reasonable, the remaining question concerns the allocation of this sum between the two who were employed. On the composite demonstration of the record, the court is in agreement with the determination of the referee in this regard.

In this, and the majority of cases, the court is unimpressed with the number of hours asserted to have been expended in labor for the estate. This is one of the least important factors in any such evaluation. Long experience in such matters has rendered possible a reasonable approximation of the amount of time which various steps in estate settlement should properly consume. If more than this total is shown, an inference arises that the particular counsel making the assertion was either optimistic in his calculations or less adept in the performance of the labors for which he was employed than he would like his client and the court to assume. This court is averse to the practice of permitting counsel to charge to an estate the expense of educating him in the ordinary routine affairs of the settlement of an estate.

The presentation of so-called " expert witnesses " as to the value of routine services to an estate in a proceeding before the Surrogate's Court borders on the utterly futile. The court itself, by reason of its daily contact with such questions, is far more expert in these matters than any ordinary practitioner ever can hope to be. If his interested estimate of value corresponds with the experience of the court, it is merely a useless waste of time to cumber the record with his testimony. If it does not, the occasions on which it could have the effect of convincing the court would presumably be so rare as to be substantially non-existent.

The objection interposed to the confirmation of the report of the referee by one of the present attorneys tends to confirm the

impression to which reference has been made. He complains at the failure of the referee to charge the administrator personally with the difference between the compensation allowed and the amount called for by a retainer which he apparently induced the administrator to sign. Such an agreement, if signed, was purely an *inter vivos* contract between the attorney and the administrator as an individual, with which the estate is wholly unconcerned, and which Surrogates' Courts possess no authority to enforce. (*Matter of Gilman*, 251 N. Y. 265, 267; *Matter of Mang*, 227 id. 264, 269; *Matter of Hoffman*, 136 App. Div. 516, 519; *Matter of Geller*, 167 Misc. 578, 579, 580; *Matter of Woolfson*, 158 id. 928, 930; *Matter of Dugan*, 147 id. 776, 780.)

The objections to the report of the referee will be overruled and the report confirmed.

Enter decree on notice in conformity herewith.