## In the Matter of the Estate of Louis Levine, Deceased.

### Surrogate's Court, Kings County, June 24, 1947.

*Harry Ostrov* for Morris Levine, respondent.

*George A. Roland* for Joseph Harris, respondent.

*Dreyer & Traub* for Abraham Traub and others, coexecutors, respondents.

*James S. Brown, Jr.,* and *Louis P. Randell* for Herman Levine, coexecutor, petitioner.

McGAREY, S. The respondents' motions to dismiss this discovery proceeding instituted by one of four coexecutors against a brother and nephew of the decedent are denied. The petition alleges that subsequent to the execution of the will and during the lifetime of testator, the respondents received from one of the coexecutors large sums of money from a "secret fund" which moneys belong to the estate. It is further alleged that the other three coexecutors are not joined as parties because the same coexecutor likewise disbursed similar moneys to the other two coexecutors, which sums also should be assets of the estate. The three coexecutors sought and obtained permission to intervene in the proceeding.

The respondents, other than petitioner's coexecutors, claim title to the moneys sought and interpose the further defense

that a proceeding of this type is essentially administrative in character; therefore, before petitioner may maintain the proceeding he should be joined by a majority of the executors as directed by the testator under paragraph fifth of his will, reading as follows: " In the event of any disagreement arising among my executors and Trustees with respect to any matters arising out of the administration of my Estate or the administration of the trusts created hereunder, then and in such event the decision of the majority thereof shall be binding " and as a majority of the executors have refused their consent to the institution of the proceeding, the petition should be dismissed. The three coexecutors have not filed a formal answer to the petition, but in an affidavit in support of their motion to intervene it is stated that the proceeding is baseless, without merit and brought in bad faith by the petitioner; that they oppose the institution of the proceeding and paragraph fifth is controlling upon the petitioner and therefore they likewise move that the petition be dismissed.

Paragraph fifth of the will only provides for majority vote as to the administration of the estate and the trusts to be erected. There is no prohibition against one executor collecting or attempting to collect assets which properly should be accounted for as estate assets. Even though it be considered that a discovery proceeding is an integral part of estate administration, the court is of the opinion that the administration contemplated by the testator is applicable solely to those situations in which there is disagreement as to disbursements of estate funds but not in collection of estate assets. It is the duty and obligation of the executors, either individually or jointly, to collect and reduce to possession all of the assets of the decedent. Accordingly, the court holds that it was unnecessary for the petitioning executor to obtain the consent of a majority of the executors to the institution of this proceeding.

In *Matter of Rutherford* (161 Misc. 622, 624) it was held to be the duty of an executor to initiate a discovery proceeding whether or not his coexecutor joins whenever in his opinion the property of the estate is in the hands of third persons who refuse delivery of it. Upon the facts alleged here, the court will not interfere with the petitioner's orderly discharge of his duties as executor (*Matter of Tompkins*, 264 App. Div. 612). Accordingly, the motions to dismiss the petition herein are denied.

Submit order, on notice, accordingly.