In the Matter of the Estate of HARRY GETZ, Deceased.

Surrogate's Court, Kings County, May 12, 1950.

*Leonard M. Henkin* for Jennie Getz, as coexecutrix of Harry Getz, deceased, respondent, for motion.

*Irving R. Markowitz* and *Francis M. Verrilli* for Lester Getz, petitioner, opposed.

*Joseph M. Bambury* and *Francis M. Verrilli* for Meyer Getz, respondent, opposed.

McGAREY, S. The respondent coexecutrix, testator's widow, moves to dismiss the petition for her removal upon the ground it does not state sufficient facts to constitute the statutory grounds therefor. The petitioner is a son of testator by a prior marriage and is a devisee of a parcel of real property under the will. The coexecutor is an attorney.

The widow has filed a right of election under section 18 of the Decedent Estate Law. That action by her necessarily affects the rights of the other legatees and devisees under the will. The gist of the petition herein is that the coexecutrix instituted estate tax proceedings wherein she returned the estate realty at higher valuations than that which were obtained and returned by the coexecutor. In her individual capacity as a person interested in the estate she could submit proof as to the valuation of the property to the appraiser (Tax Law, § 249-v). The assertion of such right by her in the performance of her executorial duty is a matter resting in her own judgment and upon her own responsibility (*Wood* v. *Brown,* 34 N. Y. 337, 343).

The court does not possess the power to control fiduciaries in the orderly discharge of their duties (*Matter of Tompkins,* 264 App. Div. 612, *Matter of Levine,* 189 Misc. 976). Nor would the court revoke letters in the absence of a showing that the fund or estate was in danger of being lost (*Matter of Rosenberg,* 213 App. Div. 167, 170; *Matter of Thieriot,* 117 App. Div. 686, 690).

The respondent's motion to dismiss the petition is accordingly granted.

Submit order, on notice, accordingly.