OPINION OF THE COURT
John G. Ringrose, S.
The decedent, Clifford H. Cono, died testate in 1957, and his last will and testament was thereafter duly admitted to probate. Said will established a trust, the income from which was to be paid one third to New Forest Cemetery Association, and two thirds to Sauquoit Valley Cemetery Association, for the perpetual care of certain family burial lots in each cemetery. In 1997 the cemeteries filed a joint petition seeking *401 the removal of the trustee and Court permission to invade a portion of the principal of the trust for capital improvements and other expenditures at the cemeteries. The Attorney General opposed the relief requested. After extensive negotiations, an agreement was reached between the parties; said agreement was reduced to writing, signed by all interested parties and filed with the Court.
The Attorney General contends that said agreement was breached and brought this proceeding to have certain attorney’s fees paid by the cemeteries returned to them. The provision alleged to be breached provides for the Court to set attorney’s fees, and, in particular, reads as follows:
“agreed that the Oneida County Surrogate may set and allow reasonable counsel fees for services rendered in connection with this matter by Groben, Gilroy, Oster and Saunders, Esqs., as attorneys for Fleet National Bank, and by Peter S. Palewski, Esq., as attorney for New Forest Cemetery Association and Sauquoit Valley Cemetery Association, to be allocated to and paid first from the accumulated income and then from the principal of such testamentary trust prior to making any distribution to New Forest Cemetery Association and Sauquoit Valley Cemetery Association.”
Counsel for the cemeteries requested a fee of $15,097.50 and the Court, by a written decision dated May 7, 1998, concluded that, after considering all enumerated relevant factors, the fair and reasonable value of services rendered by counsel for the cemeteries was $9,500, plus disbursements in the amount of $242.90, for a total of $9,742.90.
In September 1999, the Attorney General was advised by an accountant at the Division of Cemeteries of the New York State Department of State that an audit revealed the Sauquoit Cemetery Association had paid counsel additional legal fees above those awarded by the Court. A further investigation revealed that counsel also collected additional legal fees from the New Forest Cemetery Association; the total amount of the additional fees was $5,535, which equals the difference between the original fee requested and the amount allowed by the Court. Counsel for the cemeteries acknowledges that he billed for additional fees and that they were paid.
Counsel’s answering affidavit avers that the fee arrangement with the cemeteries was made prior to the commencement of any proceedings and that in the event the Court allowed less *402 than the amount of his fees as set forth in an itemized billing, the cemeteries would pay their prorata share of any shortfall. Counsel also asserts that he has a right to enter into a contract with his clients for services and that their agreement is enforceable and, as between the parties, is conclusive.
The Court does not agree with counsel’s position. The Court possesses both inherent and statutory power to regulate the practice of law, which includes the authority to supervise the charging of legal fees. This discretionary authority of the Court continues despite the consent of parties interested regarding the reasonableness of legal fees. (Gair v Peck, 6 NY2d 97; Matter of First Natl. Bank v Brower, 42 NY2d 471; Matter of Schaich, 55 AD2d 914; Matter of Brehm, 37 AD2d 95.) At the time applications for legal fees were submitted to the Court, there was no mention that any additional legal fees would be paid by the parties directly. It was the clear intention and understanding that the fee set by the Court would represent the fair and reasonable compensation for the services rendered. No supplemental payment was discussed. In addition, time spent is the least important factor to be considered in determining attorney’s fees. (Matter of Kentana, 170 Misc 663; Matter of Snell, 17 AD2d 490.)
Counsel is also incorrect in asserting that the Court’s order of May 7, 1998 does not use the term “reasonable” as both the decision and the settlement agreement contain the words reasonable fees. Counsel is directed to refund the additional fees collected in the amount of $5,535 to the respective parties.